UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KEERTI VARMAA,

    *Plaintiff*,

v.

SCOTT BESSENT,[1]

    *Defendant*.

Civil Action No. 24-1631 (SLS)

Judge Sparkle L. Sooknanan

## MEMORANDUM OPINION

The Plaintiff in this case, Keerti Varmaa, is a federal employee alleging that her employer has engaged in unlawful discrimination and retaliation. The Defendant has moved to transfer the case to the District of Maryland, where Ms. Varmaa lives and works. The Defendant has also moved for an extension of time to respond to the Complaint. The Court grants the Motion to Transfer because this case should have been brought in the District of Maryland, but it denies the Motion for Extension out of deference to the transferee court.

## BACKGROUND

On June 3, 2024, Ms. Varmaa filed a Complaint in this Court alleging that her employer had discriminated and retaliated against her on the basis of race, color, sex, national origin, age, and prior protected activities in violation of both Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967 (ADEA). *See* Compl., ECF No. 1. She claims that

---

[1] Although the Plaintiff named former Secretary of the Treasury Janet Yellen as the Defendant in the Complaint, current Secretary of the Treasury Scott Bessent is "automatically substituted as a party" in her place pursuant to Federal Rule of Civil Procedure 25(d).

this all started when she resumed working at the Maryland office of the Internal Revenue Service in 2007. *See* Compl. ¶¶ 3, 6. While her Complaint contains many allegations, the central story is that she was removed from her position on the recommendation of her supervisor after she had filed several equal employment opportunity complaints against him. *See id.* ¶¶ 1–7, 9–11. Ms. Varmaa named the Secretary of the Treasury as the Defendant. *See id.* ¶ 2.

On January 8, 2025, the Defendant filed a combined Motion to Transfer and Extend the Deadline to Respond to the Complaint. Def.'s Mot. to Transfer ("Mot."), ECF No. 5. The Defendant argues that the case should have been brought in the District of Maryland, where the Plaintiff lives and where the alleged unlawful behavior occurred. *See* Mot. at 1–5. The Defendant also argues that the Assistant United States Attorney who would handle this case after the transfer will need time to prepare a response to the Complaint. *See id.* at 5–6. Ms. Varmaa has not responded to this Motion.

## DISCUSSION

### A. Transfer of Venue

The Court begins with the Motion to Transfer under 28 U.S.C. § 1404(a). "A case may be transferred to any district where venue is also proper '[f]or the convenience of parties and witnesses, in the interest of justice.'" *Ctr. for Env't Sci., Accuracy & Reliability v. Nat'l Park Serv.*, 75 F. Supp. 3d 353, 356 (D.D.C. 2014) (quoting 28 U.S.C. § 1404(a)). Section 1404(a) does not require that the original forum be "wrong." *Atl. Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49, 59 (2013). It instead "place[s] discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (cleaned up). "[T]ransfer in derogation of properly laid venue" must "be justified by particular circumstances that render the

transferor forum inappropriate by reference to the considerations specified in that statute." *Starnes v. McGuire*, 512 F.2d 918, 925–26 (D.C. Cir. 1974). Transfer is warranted here for two reasons.

*First*, venue is proper in the District of Maryland. The Plaintiff's Title VII claim is governed by a special venue provision. *See Daniels v. Wilkie*, No. 17-cv-1543, 2018 WL 2324085, at *3 (D.D.C. May 22, 2018). Venue is proper in (1) the state where the unlawful employed practice is alleged to have been committed, (2) the district where relevant employment records are maintained and administered, and (3) the district where the plaintiff would have worked but for the unlawful employment practice. 42 U.S.C. § 2000e-5(f)(3). The Plaintiff alleges that the unlawful employment practices "were committed" in "Lanham-Seabrook, Maryland." Compl. ¶ 2. So venue is proper in Maryland for the Title VII claim. But the Plaintiff's ADEA claim is governed by the general venue statute. *See Liu v. Becerra*, No. 23-cv-338, 2023 WL 8600564, at *3 (D.D.C. Dec. 12, 2023). Venue for that claim is proper in (1) the district where the defendant resides, (2) the district where a substantial part of the events occurred, or (3) the district where the plaintiff resides. 28 U.S.C. § 1391(e). The Plaintiff alleges that she resides in "Bethesda, MD." Compl. ¶ 1. And she alleges that all of the wrongdoing took place in Maryland. *See id.* ¶ 3. So venue is proper in Maryland for the ADEA claim as well.

*Second*, the "public and private interests" favor transfer. *McAfee, LLC v. U.S. Citizenship and Immigration Servs.*, No. 19-cv-2981, 2019 WL 6051559, at *1 (D.D.C. Nov. 15, 2019). Looking at the public interests first, "two are neutral and one favors transfer." *Id.* The first public interest is "the transferee court's familiarity with the governing laws." *Id.* This case arises under federal law, so both this District and the District of Maryland have equal familiarity. *Id.* (citing *Al-Ahmed v. Chertoff*, 564 F. Supp. 2d 16, 20 (D.D.C. 2008)). The second public interest is "each court's relative congestion and caseload." *McAfee*, 2019 WL 6051559, at *1. But both

3

districts have roughly the same median time from filing to case termination. *See* United States Courts, *Table C-5—U.S. District Courts—Civil Statistical Tables for the Federal Judiciary (December 31, 2024)*, https://www.uscourts.gov/statistics-reports/caseload-statistics-data-tables (last visited Mar. 17, 2025) (listing the median time from filing to disposition of civil cases as 6.2 months for the District of Columbia and 7.5 months for the District of Maryland). The third public interest is "the local interest in resolving the controversy." *McAfee*, 2019 WL 6051559, at *1. And this favors transfer because all of the alleged wrongdoing occurred in Maryland. *See* Compl. ¶¶ 1–3.

Turning to the private interests, all but one favor transfer. The first private interest is the plaintiff's choice of forum. *Bourdon v. Dep't of Homeland Sec.*, 235 F. Supp. 3d 298, 305 (D.D.C. 2017). While the Plaintiff chose to file in this District, this factor receives "diminished consideration" because the "forum has no meaningful ties to the controversy and no particular interest in the parties or subject matter." *Wilderness Soc. v. Babbitt*, 104 F. Supp. 2d 10, 13 (D.D.C. 2000). The second private interest is the defendant's choice of forum, *Bourdon*, 235 F. Supp. at 305, which is the District of Maryland, *see* Mot. at 1. The third private interest is where the claim arose, *Bourdon*, 235 F. Supp. at 305, which in this case was the District of Maryland, *see* Compl. ¶¶ 1–3. The fourth private interest is the convenience of parties. *Bourdon*, 235 F. Supp. at 305. This favors transfer since the Plaintiff lives in Maryland. *See* Compl. ¶ 1. The fifth private interest is the convenience of the witnesses. *Bourdon*, 235 F. Supp. at 305. And this probably favors transfer as well since the most likely witnesses are the Plaintiff's co-workers in Maryland. *See* Compl. ¶¶ 1–3. Finally, the sixth private interest is the ease of access to sources of proof. *Bourdon*, 235 F. Supp. at 305. The Plaintiff will presumably look for proof at

4

and around her workplace, which is in Maryland. Compl. ¶ 3. Nothing before the Court suggests otherwise. So this factor is neutral at worst and favors transfer at best.

The D.C. Circuit has instructed district courts to "guard against the danger that a plaintiff might . . . nam[e] high government officials as defendants . . . [to] bring a suit here that properly should be pursued elsewhere." *Gyau v. Sessions*, No. 18-cv-407, 2018 WL 4964502, at *2 (D.D.C. Oct. 15, 2018) (quoting *Cameron v. Thornburgh*, 983 F.2d 253, 256 (D.C. Cir. 1993)). Because almost all of the public and private interests favor transfer to the District of Maryland, the Court transfers the case to that District.

### B. Extension of Time

The Defendant also moves for an extension of time to respond to the Complaint. *See* Mot. at 5–6. The Defendant argues that the Assistant United States Attorney who will handle this case in the District of Maryland will need more time to get up to speed. *Id.* But "[g]iven the Court's conclusion that this case should be transferred, the Court will not address this request and [will] leave further scheduling issues in this case to the discretion" of the District of Maryland. *Wyandotte Nation v. Salazar*, 825 F. Supp. 2d 261, 264 n.1 (D.D.C. 2011).

## CONCLUSION

The Plaintiff's claims all flow from actions taken in Maryland. The Court therefore grants the Motion to Transfer. But it denies the Motion for Extension, which is left to the transferee court.

A separate order will issue.

_____
SPARKLE L. SOOKNANAN
United States District Judge

Date:   March 17, 2025